Filed 7/26/21  In re C.N. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re C.N., et al.,<br><br>Persons Coming Under the Juvenile Court Law. | B307169<br><br>(Los Angeles County Super. Ct. No. 20CCJP02175) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>K.N.,<br><br>Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Michael E. Whitaker, Judge.  Dismissed.

Law Offices of Vincent W. Davis & Associates and Vincent W. Davis for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Stephanie Jo Reagan, Deputy County Counsel, for Plaintiff and Respondent.

_____

Father K.N. appeals from the juvenile court's August 3, 2020, dispositional order removing his three children from him and Mother, C.V.[1]  Mother is not participating in the appeal. While the appeal was pending, the juvenile court terminated the order placing the children in foster care and ordered the children returned to the parents.[2]  Accordingly, we dismiss Father's appeal as moot.[3]

## BACKGROUND

Father and Mother had three children together.  At the time of the combined jurisdictional and dispositional hearing, C.N., a daughter, was 12 years old; B.N., a son, was 10 years old; and A.N., a son, was seven years old.  In February and March 2020, the Department of Children and Family Services

_____

[1] The notice of appeal indicates that Father challenges "[a]ll findings and orders made by the court" at the jurisdictional and dispositional hearing on August 3, 2020.  On appeal, however, Father does not argue the juvenile court erred in making its jurisdictional findings.

[2] On our own motion, we take judicial notice of the juvenile court's three June 22, 2021, minute orders.  (See Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[3] We also deny as moot the motion to dismiss this appeal filed by the Department of Children and Family Services on March 1, 2021.

(Department) received referrals concerning alleged abuse of the children and domestic violence. On April 9, 2020, the juvenile court authorized the Department to remove the children from the parents' home. The children were placed with a non-relative foster parent.

On April 16, 2020, the Department filed a petition under Welfare and Institutions Code section 300, alleging that due to domestic violence committed by Father against Mother and Father's abuse of the children, the children were at risk of suffering serious physical harm (counts a-1, a-2, a-3, a-4), and that Mother failed to protect the children (counts b-1, b-2, b-3, b-4). The petition also alleged that the child abuse resulted in abuse of a sibling (counts j-1, j-2, j-3).

At the August 3, 2020, combined jurisdictional and dispositional hearing, the juvenile court sustained all the allegations against Mother and Father. The court found by clear and convincing evidence pursuant to Welfare and Institutions Code section 361, subdivision (c), that there would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the children if they were returned to Mother and Father. Accordingly, the court ordered the children removed from Mother and Father and suitably placed under the supervision of the Department.

Father timely appealed the juvenile court's removal order on the basis that it was not supported by sufficient evidence. On June 22, 2021, during the pendency of this appeal, the juvenile court terminated the suitable placement order and ordered the children returned to the home of the parents. It found returning the children to their parents "would not create a substantial risk

3

to the safety, protection or emotional or physical well-being of the child[ren]." The court also ordered family reunification services.

## DISCUSSION

" 'An appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief.' " (*In re D.N.* (2020) 56 Cal.App.5th 741, 757, quoting *In re E.T.* (2013) 217 Cal.App.4th 426, 436.)

Here, Father appealed only the juvenile court's dispositional order removing the children from his and Mother's custody. He did not appeal the court's jurisdictional findings. Because the juvenile court has returned the children to the parents' custody, Father has already obtained the relief he sought on appeal. A reversal of the removal order would have no "practical, tangible impact on the parties' conduct or legal status." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1490.) " ' "When no effective relief can be granted, an appeal is moot and will be dismissed." ' " (*In re J.A.* (2020) 47 Cal.App.5th 1036, 1050-1051; *In re David H.* (2008) 165 Cal.App.4th 1626, 1633-1634 [return of child to parental custody mooted challenge to detention order].) Indeed, we advised the parties that we intended to dismiss the appeal as moot and invited them to submit supplemental letter briefs addressing why we should not do so. Neither Father nor the Department filed a supplemental brief.

4

**DISPOSITION**

The appeal is dismissed as moot.  The Department's
March 1, 2021, motion to dismiss the appeal is denied as moot.
NOT TO BE PUBLISHED


FEDERMAN, J.*


We concur:



ROTHSCHILD, P. J.



CHANEY, J.

---

*Judge of the San Luis Obispo County Superior Court,
assigned by the Chief Justice pursuant to article VI, section 6 of
the California Constitution.